**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CROP PRODUCTION SERVICES, INC.,**
A Delaware corporation
        Plaintiff,

vs.                                       3:10mc65/MCR/MD

**TED BAXTER,**
        Defendant.

---

## REPORT AND RECOMMENDATION

This cause is before the undersigned upon referral from the district judge for review of defendant's motion to dissolve writs of garnishment (19), and plaintiff's response in opposition. (Doc. 20).

Plaintiff Crop Production Services, Inc. ("CPS") commenced this action by registering a $255,023.66 judgment from the United States District Court, Middle District of Alabama. (Doc. 1), and shortly thereafter filing motions for writs of garnishment,[1] (doc. 3 & 4), which were granted. (Doc. 5 & 6). Defendant Ted Baxter filed a notice of filing claim of exemption from garnishment. (Doc. 13).[2] In his motion, he asserted that he is exempt from garnishment because his income tax return shows that he is head of household and because real property, the debt and the credit union account are all held as tenants by the entirety with his wife. (Doc.

---

[1] The writs of garnishment were filed against Jackson County Teachers Credit Union where defendant had some funds on deposit, and William and Shirley Floyd who obtained farm equipment sold on credit from Baxter.

[2] Doc. 13 is a corrected version of the original version (doc. 11) which did not have a proper original or electronic signature. (See doc. 12).

13 at 1). The main portion of the pleading is not sworn under penalty of perjury. Attached is a notice to defendant of right against garnishment of wages, money, and other property in which defendant claims, under oath, exemption from garnishment for the following categories of assets: head of family wages; retirement or profit sharing benefits or pension money; life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract; and property owned by he and his wife as tenants by the entirety. This exhibit, which tracks the format set forth in § 77.041(1) Florida Statutes without citing the statute, is sworn and notarized. (Doc. 13, exh. 1 at 2).

CPS objected to the defendant's claim of exemptions on several grounds. First, CPS stated that upon information and belief, since the plaintiff had claimed that he ceased his farming operations he had not been employed on a full time basis, although his wife was so employed, and therefore defendant Baxter was not head of household. (Doc. 15 at 1-2). CPS also objected that the $88,000 debt owed to defendant Baxter was not property owned as "tenants by the entirety" as he stated, because the farm equipment transferred in consideration for the debt was his alone, not jointly owned with his wife. (Doc. 15 at 2). Finally, CPS asserted that the credit union accounts that Baxter claimed were owned as tenants by the entirety were not so owned because post-judgment discovery revealed that checks deposited into the account had been written to him alone, and the deposits were from proceeds from farming operations to which Charlotte Baxter had no legal or equitable claim under Florida law. (Doc. 15 at 2-3). At the conclusion of the unsworn motion, CPS asked that the court set a hearing.

Defendant Baxter subsequently moved to dissolve the writs of garnishment served upon the Jackson County Teachers Credit Union ("JCTCU") and William and Shirley Floyd ("The Floyds"), claiming that the writs are due to be dissolved as a result of plaintiff's failure to file a *sworn* written statement contesting his claim of exemption. (Doc. 19).

>**Florida Statute 77.041(3) provides:**
>
>**Upon the filing by a defendant of a claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. If the plaintiff does not file a sworn written statement that contests the defendant's claim of exemption within 3 business days after hand delivering the claim and request or, alternatively, 8 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.**

77.041(3), Florida Statutes. Although the form that tracks 77.041(1) does not state that the plaintiff's objection must be sworn, subsection 77.041(3) specifically includes this requirement. See *Miami Herald Pub. Co. v. Payne*, 358 So.2d 541, 543 (Fla. 1978) (holding that if the garnishor fails to timely file a *sworn* statement disputing facts alleged to support the exemption, all proceedings under the writ must cease); *Hill v. Haywood*, 735 So.2d 539 (Fla. 2nd DCA 1999) (same, but decided pursuant to §222.12); *Great American Ins. Co. v. General Contractors & Const. Management, Inc.*, 2008 WL 5056526 (S.D. Fla. 2008) (same; citing both § 77.041 and § 222.12, Florida statutes); *Sokolsky v. Kuhn*, 386 So. 2d 806, 807 (Fla. 1981) (decided pursuant to § 222.12, Fla. Stat.).

      CPS does not contest the legitimacy of the case law cited herein, or deny that the statute "means what it says." Instead, it attempts to excuse its failure to file the sworn objection required by the plain language of the statute by stating that

>neither CPS nor its counsel "had personal knowledge of facts upon which either could have sworn under oath as to any denial of the Baxter Exemption Claim, none of the Objections of CPS were filed with affidavits and none of the text or exhibits were verified with "sworn" testimony.

(Doc. 20 at 3). CPS goes on to say that its objections were filed under the standards governing attorneys and parties under Fed.R.Civ.P. 11(b)(3) and (4). It states that filing a sworn denial to Baxter's exemption claim could have constituted perjury or served as grounds for disqualification of counsel for CPS, and now claims that there

*Case No: 3:10mc65/MCR/MD*

is "uncertainty under Florida law as to the requirements to comply with the statute." (Doc. 20 at 7). These arguments ring hollow. In its initial objections, CPS neither explained nor acknowledged its non-compliance with or alleged uncertainty about the statute, although it represented that the objections were filed "pursuant to . . . § 77.41(3)." Clearly, then, having read the statute CPS was on notice of the statutory requirements. It simply chose not to follow them.

CPS nonetheless argues that it should not be "punished" for its failure to comply with the statute by either (1) dissolution of the writs or (2) denying it the opportunity to verify its response or (3) denying it the opportunity to issue new writs to JCTCU and the Floyds.[3] (Doc. 20 at 7). Plaintiff cites *Orix Financial Services, Inc. v. Sims*, 2008 WL 681037 (M.D. Fla. 2008) in support of its assertion that it should be given another opportunity to comply with the procedural requirements of the statute. In *Orix*, however, neither the defendant nor the plaintiff complied with the procedural requirements for moving for exemption from garnishment. The defendant who had filed the deficient motion for exemption was permitted time to serve a sworn statement on the plaintiff and the court, and plaintiff was afforded the statutory two days to file a contravening affidavit, absent which "all proceedings under the writ must cease." *Orix*, 2008 WL 681037 at *2. Thus, rather than supporting plaintiff's position, *Orix* weakens it.

CPS contends that by dissolving the current writs, defendant "will only subject this court, CPS, the Baxters, the Floyds, and the JCTCU to another round of motions, issuance of writs, service of writs, notice of service of writs, answers, claims of exemptions, and sworn denials, all leading to the same place." (Doc. 20 at 10). This assertion ignores the reality that it is CPS's failure to follow the procedural requirements of the statute that has led to this position. The court is not persuaded by CPS's plea that the writs not be dismissed in light of the utter lack of

---

[3]Although plaintiff uses the word "right," absent some legal basis for such a right, the word "opportunity" seems more fitting.

precedent in support of this position. Neither party has cited and the court has not found any authority suggesting that dissolution of the writs of execution would bar CPS from refiling. While the repetition of effort that will likely ensue from the dissolution of the writs is unfortunate, statutory procedural requirements must be enforced in order for them to hold any meaning.

Accordingly, it is respectfully RECOMMENDED:

That defendant's motion to dissolve writs of garnishment (doc. 19) be GRANTED, and the writs of garnishment entered against Jackson County Teacher's Credit Union and William B. Floyd and Shirley Floyd be dissolved for the reasons set forth herein.

At Pensacola, Florida, this 16th day of December, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).